Archibald C. Wemple, J.
The above-named defendant on June 16, 1960 withdrew a plea of not guilty and entered a plea of guilty to an indictment charging the defendant in two separate counts of (1) keeping a disorderly house in violation of section 1146 of the Penal Law, and (2) living on the proceeds of prostitution in violation of section 1148 of the Penal Law. The defendant was sentenced in Schenectady County Court to one year on each count, the sentence on each count to be served consecutively.
The defendant in his application contends that the two charges were merged and constituted part of a single act and that the consecutive sentences of one year each was contrary to section 1938 of the Penal Law. In his argument, defendant’s counsel pointed out the similarity of the dates involved in each count and that the act of living off the proceeds of prostitution and keeping a disorderly house constituted one and the same offense. In each count the date of July 8, 1959 is mentioned but in the second count an allegation of “ and for some time prior thereto ” is added.
It should be noted that at the time of his plea on June 16, 1960 the court asked the defendant these questions:
“ Q. Do you understand you are pleading guilty to two separate misdemeanors? A. Yes.
“ Q. Are you pleading guilty of your own free will? A. Yes.
“ Q. And with advice of your counsel? A. Yes.
“ Q. Do you understand your plea of guilty is equivalent to a confession of these crimes to which you plead guilty? A. Yes.
‘ ‘ Q. And is a confession of your guilt to these crimes to which you plead guilty? Do you understand that? A. I understand.”
*710 From the above quotations it is clear that the defendant and his attorney understood clearly that the defendant plead guilty to two separate and distinct crimes.
This court is also informed that this defendant has previously appealed the conviction herein to the Appellate Division of the Supreme Court, Third Department, on the ground that the sentences herein were 11 cruel and unusual ’ ’ by reason of the two separate and consecutive one-year sentences imposed in the Schenectady County Jail. The judgment herein was affirmed by a decision of the Appellate Division dated June 29, 1961 (14 A D 2d 479).
The test to be applied in such a case has been set by the Court of Appeals in People ex rel. Maurer v. Jackson (2 N Y 2d 259, 264). The court said: “ It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction ” (citing People v. Repola, 305 N. Y. 740; People ex rel. Poster v. Jackson, 303 N. Y. 680). The court went on to say, “ It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be a single punishment A reading of the two counts in the indictment herein clearly shows that two separate and distinct offenses are alleged. The proof required in each is not the same, but different. The running of a disorderly house in violation of section 1146 of the Penal Law does not in itself make one guilty of living on the proceeds of prostitution in violence of section 1148 of the Penal Law, and certainly living off the proceeds of prostitution would not make a defendant guilty of running a house of prostitution. It is true that these crimes often and usually go together. However, their gravamen is different in law and in fact. The defendant plead guilty to two crimes, and was sentenced accordingly. (See Penal Law, § 2190, subd. 4.) Accordingly, application for resentence is denied.